IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Cr 21-1498 MLG

CHRISTOPHER SPANGLER,

    Defendant.

## ORDER AND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER came on for a hearing to consider the Defendant's letter *(Doc. 21)* which the Court construed as a motion for appointment of a new attorney. Shortly thereafter, Defendant's attorney, Thomas Clark, filed a "Motion to Withdraw Competency" *(Doc. 23)*, and now-presiding District Judge Matthew L. Garcia entered an Order *(Doc. 25)* referring this matter to be to conduct hearings and submit a recommendation on the now pending issues.

Because the history of this case is somewhat convoluted, I will set forth the essential facts necessary for legal analysis. Defendant Christopher Spangler initially faced multiple criminal charges in state court based upon a September 23, 2021 incident. In association with that incident, the United States Attorney also filed a federal Criminal Complaint on a felon-in-possession of a firearm charge one month later on September 28, 2021.

A competency evaluation ordered in the state proceedings resulted in a finding of incompetence to proceed to trial and dismissal of the state charges on August 28, 2022.

In the meantime, federal court had issued a Writ for Habeas Corpus ad prosequendum to bring Defendant Spangler in for his initial appearance on the federal gun charge on August 29, 2022, and he was scheduled for an arraignment and detention hearing before Judge Ritter on August 31, 2022.

At that hearing, however, Defense Counsel requested a one-week continuance to investigate whether a current competency issue should be raised, and that matter was set before me on September 7, 2022. Mr. Clark did indeed raise the competency issue based upon his client's description of hearing voices and the state court incompetency finding. Because there was no such finding in the federal proceedings, I ordered that Defendant Spangler be transported to a Federal Bureau of Prisons ("BOP") medical facility for a competency evaluation to be performed pursuant to 18 U.S.C. § 4241(d).

Unbeknownst to me, Omar J. Famada, who is an Attorney-Advisor for the BOP, sent an e-mail to counsel advising that my Order was deficient. Relying on this representation, AUSA Hurtado and Defense Counsel Clark submitted a Revised Order to then-presiding District Judge Kea Riggs erroneously reflecting that I had found Defendant Spangler incompetent at the September 7, 2022 hearing. As requested by the BOP Attorney-Advisor, the revised order entered by Judge Riggs directed the BOP to determine if Mr. Spangler's competency could be *restored* with treatment.

As an initial matter, at today's hearing Mr. Clark reiterated his observations in his motion that his client's mental status is much improved now. At the Estancia detention facility where he is being held, Defendant Spangler is now on appropriate psychotropic medication and receiving mental health treatment. The Marshal indicated that although

Defendant Spangler had missed six medication doses this month, Defendant has been "consistently calm and cooperative" since his change in medications this past January. Given these observations, I asked Defendant if he still wanted to pursue his motion for a new attorney, and he indicated he did not. Therefore, I will deny the motion as moot.

Nevertheless, concerns for his competency to proceed to trial need to be addressed with a current mental health evaluation. This Court is uncomfortable relying on either an unseen evaluation performed last year by a state-ordered psychologist or just the current observations of Mr. Spangler's appointed counsel. Given the delay anticipated in transporting the defendant to a BOP facility – the Marshal indicates it will be an additional four months before that will occur – a local competency evaluation in short order seems the best course of action.

Wherefore,

IT IS HEREBY ORDERED that Defendant's request for new counsel *(Doc. 21)* is **denied as moot**.

IT IS RECOMMENDED that the Court **rescind** Judge Riggs' "Sealed Revised Order" of September 26, 2022 *(Doc. 19)*, **deny** Defendant's "Motion to Withdraw Competence" filed March 21, 2023 *(Doc. 23)*, and **continue referra**l of the competency issue to me for further evaluation and proceedings.

FINALLY, because all counsel and Defendant Spangler are in accord with this recommendation, I find that they have all implicitly waived the usual 14-day objection period to this PFRD and consent to the immediate relief as outlined above.

_____
UNITED STATES MAGISTRATE JUDGE